# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SAMUEL SIR-NICHOLAS ZEIGLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV417-018 |
| GEORGIA DEPARTMENT OF CORRECTIONS, and GEORGIA BOARD OF PARDONS AND PAROLES | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Samuel Zeigler brings this action against the Georgia Department of Corrections and Georgia Board of Pardons and Paroles alleging procedural problems at his parole revocation hearing. Doc. 1 at 3. Zeigler, who is no longer incarcerated, asks this Court to "rule that [his] incarceration" (presumably after his parole was revoked) "was in fact unlawful and arbitrary" and to award him $536,000,000 in damages from each defendant. *Id.* at 4. Since Zeigler appears to be indigent, the Court **GRANTS** his motion to proceed *in forma pauperis* (IFP). Doc. 2. The Court must, therefore, screen out any claims that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be

granted, or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Zeigler's Complaint should be dismissed because both defendants are immune from suit under the Eleventh Amendment. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). State agencies like the Department of Corrections and Board of Pardons and Paroles are equally immune. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment," absent consent); *Stevens*, 864 F.2d at 115 (suit against Georgia Department of Corrections is barred by Eleventh Amendment); *Fuller v. Ga. State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1309 (11th Cir. 1988) (Parole Board entitled to Eleventh Amendment immunity). This immunity extends to all claims for relief, including damages and equitable relief. *See Stevens*, 864 at 115 (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear

2

that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). Accordingly, Zeigler's claims should be dismissed.

Even if Zeigler were to name a proper defendant, however, his Complaint fails to state a claim upon which relief can be granted. He alleges that he was unlawfully imprisoned after a procedurally improper parole revocation hearing, and he seeks both a declaration that his resulting incarceration was "in fact unlawful and arbitrary" and money damages. Doc. 1 at 3-4. But "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994). Zeigler has offered no such proof. Although he discloses a pending lawsuit in state court, doc. 1 at 2, he does not allege that his parole revocation or former confinement has been called into question, much less overturned, *see id.* at 3. His claims are,

therefore, *Heck*-barred.[1]

A glimmer of hope remains for Zeigler. Where federal habeas relief was not available to the prospective § 1983 plaintiff while he was incarcerated, it is *possible* that the *Heck*-bar would not apply to a § 1983 suit brought upon his release from custody. *See, e.g., Reilly v. Herrera*, 622 F. App'x 832, 833-35 (11th Cir. 2015) (the Eleventh Circuit, which has "not explicitly ruled on whether" there is a such a futility exception to *Heck*'s general rule, declined to do so in a case where the former prisoner had had ample time to challenge the validity of his supervised release revocation prior to his release from custody but failed to do so); *Vickers v. Donohue*, 137 F. App'x 285, 289 (11th Cir. 2005) (noting inter-circuit split, and that Eleventh Circuit has "not explicitly ruled on whether a plaintiff who has no federal habeas remedy available to him may proceed under § 1983 despite" *Heck* bar); *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 602-03 (6th Cir. 2007) (discussing circuit split on whether *Heck*'s favorable-termination

---

[1] That "*Heck* bar" extends to declaratory relief, *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (*Heck* bar applies "no matter the relief sought (damages or equitable relief) . . . *if* success . . . would necessarily demonstrate the invalidity of confinement or its duration."), and to "revocations . . . of parole," *Dixon v. Kelly*, 2011 WL 5554011 at * 2 (S.D. Ga. Oct. 18, 2011) (citing, inter alia, *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995)).

4

requirement applies regardless of availability of habeas relief).

Zeigler's allegations concerning the revocation of his parole are not sufficiently detailed to confirm that he had (and failed to use) the opportunity to challenge that decision via state, if not federal habeas, post-conviction remedies. *See* doc. 1 at 3. Assuming that he had such an opportunity, his failure to pursue such remedies supports the application of the *Heck* bar, despite the *present* unavailability of habeas relief. *See Reilly*, 622 F. App'x at 834 (citing *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (finding failure to timely pursue available remedies was not "a shield against the implications of *Heck*.")) (holding that Supreme Court precedent did not support "a broad exception [to the *Heck* bar] to include prisoners who had the opportunity to challenge their underlying convictions, but failed to do so.").

Although Zeigler's Complaint should be dismissed, if he believes that it can be amended to state a viable claim (*i.e.*, he must plead and ultimately show that he did not bypass available remedies), he may object to this Report and Recommendation (R&R) and amend his Complaint within 14 days from the date it is served on him. *See Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (*pro se*

plaintiff afforded an opportunity to amend Complaint before dismissal); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (same). If he is not able to amend his Complaint to address the obstacles discussed above, he may simply take no action and his Complaint should be **DISMISSED** without prejudice.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  18th  day of April, 2017.

                                        UNITED STATES MAGISTRATE JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA